J-S19003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAWN HAYNES :
:
Appellant : No. 3141 EDA 2017
:

Appeal from the PCRA Order September 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008924-2009

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 07, 2018**

Appellant, Shawn Haynes, appeals from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

While incarcerated on other charges, Appellant was involved in an assault of a prison guard on August 17, 2007.  N.T., 11/29/10, at 7–13. Appellant was charged on May 1, 2009, in connection with the assault.  *Id*. at 14.  On January 7, 2013, Appellant pled guilty to two counts of aggravated assault, 18 Pa.C.S. § 2702, and one count each of possessing an instrument of crime ("PIC"), 18 Pa.C.S. § 907, and conspiracy, 18 Pa.C.S. § 903.  In exchange for the plea, the court sentenced him to consecutive terms of imprisonment of ten to twenty years for aggravated assault, aggregated to twenty to forty years, to be served concurrently "to any and all other

_____
* Retired Senior Judge assigned to the Superior Court.

sentences which are now being served." N.T. (Sentencing), 1/7/13, at 17–18. The court did not impose further penalty for the PIC or conspiracy charges. *Id*. at 18. The court *nol prossed* all other charges.[1] Appellant did not file an appeal.

Appellant filed a *pro se* PCRA petition on August 26, 2015.[2] Counsel was appointed, who filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), on March 5, 2017. The PCRA court issued a notice of intent to dismiss the petition without a hearing on April 6, 2017, and an amended notice on May 18, 2017. Appellant filed a response on June 2, 2017, to which he attached numerous documents. ***See*** Note 2, *supra* (describing documents). On June 27, 2017, the PCRA court dismissed the

---

[1] The following charges were *nol prossed*: two counts each of assault by a prisoner, riot-intent to commit a felony, terroristic threats with intent to terrorize another, simple assault, reckless endangerment, and one count of conspiracy. Order, 1/7/13.

[2] Appellant allegedly wrote a letter to his plea counsel in October of 2013, that was returned because Appellant utilized an incorrect address. The letter inquired about the appeal in Appellant's prior rape conviction in Philadelphia County from 2008, committed while he was a suspect in a prior Delaware County rape, to which he pled guilty in 2005. ***See Commonwealth v. Haynes***, 23 A.3d 1081, 1788 EDA 2009 (Pa. Super. 2011) (unpublished memorandum), *petition for allowance of appeal denied*, 23 A.3d 540 (Pa. 2011). The letter allegedly also indicated Appellant's dissatisfaction with the sentence imposed in the instant case and intimated Appellant's desire to withdraw his guilty plea. Appellant's *pro se* response to PCRA court's Pa.R.Crim.P. 907 notice (Attachment), 6/2/17. A second letter dated January 8, 2014, did reach plea counsel, who responded to Appellant by letter dated February 6, 2014. ***Id***.

PCRA petition, noting it "carefully reviewed the entire record and determined [Appellant] had not timely filed his *pro se* PCRA petition," and permitted PCRA counsel to withdraw. PCRA Court Opinion, 10/3/17, at 1; Order, 6/27/17.

The PCRA court summarized the ensuing procedural history as follows:

> On July 10, 2017, petitioner filed his second PCRA petition.[1] Upon carefully reviewing the petition, this [c]ourt determined that this second petition had been untimely filed so on July 31, 2017, this [c]ourt sent [Appellant] a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Although [Appellant] did not file a formal response to the notice, on August 9, 2017, [Appellant] filed an amended PCRA petition. Upon reviewing [Appellant's] filings, this [c]ourt, on September 5, 2017, issued an order dismissing [Appellant's] second PCRA petition on timeliness grounds. [Appellant] thereafter timely filed a notice of appeal.
>
> _____
> [1] [Appellant] alleged in his petition that he was entitled to relief in the form of an order permitting him to file a notice of appeal *nunc pro tunc* from the order imposing judgment of sentence.

PCRA Court Opinion, 10/3/17, at 2. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925.

Appellant has filed a *pro se* brief that is noncompliant with numerous rules of appellate procedure, not the least of which is the failure to include the Statement of Questions Involved pursuant to Pa.R.A.P. 2116. Rule 2116 states, "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116 (a). Our review of Appellant's brief suggests that he is asserting plea counsel's

ineffectiveness for failing to file a "requested" direct appeal.[3]  Appellant's Brief at 3.

Initially, however, we must determine whether the PCRA court had jurisdiction to review the merits of Appellant's issue based on the timing of Appellant's petition.  The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely.  ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)).  As noted, the trial court imposed the judgment of sentence on January 7, 2013.  Appellant did not file a direct appeal.  Thus, his judgment of sentence became final thirty days later on February 6, 2013.  ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that, for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").  Therefore, Appellant had until February 6, 2014, to file a timely PCRA petition.  ***See*** 42 Pa.C.S. § 9545(b)(1) (A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. . . .").  Appellant filed

_____

[3]  The record does not support such a claim.  At the earliest, Appellant attempted to contact counsel in October of 2013, eight months after the relevant direct-appeal period and nine months after the imposition of sentence.

- 4 -

his PCRA petition on July 10, 2017, over four years after his judgment of sentence became final. Hence, the petition is facially untimely.

The jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii).[4] ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). Further, "[a]ny petition invoking an exception . . . shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

Appellant failed to prove any exception to the PCRA's timeliness requirement.[5] The instant PCRA petition was untimely, and no exceptions

---

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] While Appellant asserted a violation of the United States Constitution in his PCRA petition, PCRA Petition, 6/27/17, at ¶ 9, he neither mentioned nor

apply. Therefore, the PCRA court lacked jurisdiction to address the claims presented. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claim raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/18

---

explained this claim, and instead focused upon plea counsel's alleged ineffectiveness. A claim of ineffective assistance of counsel, however, does not save an otherwise untimely petition for review on the merits. *Commonwealth v. Perrin*, 947 A.2d 1284, 1287 (Pa. Super. 2008).